SARAH M. ALLEN *vs.* EVA T. AUSTIN *et al.*

PROVIDENCE—MARCH 31, 1899.

PRESENT : Matteson, C. J., Stiness and Tillinghast, JJ.

(1) *Dower. Divorce.*

In the absence of any statutory provision, the termination of the marriage relation by divorce defeats the right of dower.
The statute in force at the time of the divorce will control.

BILL IN EQUITY to assign dower. Heard on bill and answer. The facts are stated in the opinion. Bill dismissed.

(1)   MATTESON, C. J.   This is a bill to have dower set off to the complainant. The case shows that the complainant was married to Henry T. Ide in 1851, and that at the March term, 1866, of this court she obtained a divorce from him, and that no alimony was granted to her out of his estate; that previously to the divorce Ide took under the will of his father certain real estate in Seekonk, Mass., now East Providence, in this State, which he held at the time of his death. The question is raised whether the complainant, as the divorced wife of Ide, is entitled to dower in this real estate.

Rev. Stat. R. I. cap. 137, § 8, in force at the time of the divorce, provided that when a divorce should be had for the cause of adultery, or any of the causes specified in the chapter, done or committed on the part of the husband, the wife should be allowed out of the real or personal estate of the husband, or out of both, such alimony as the court should think reasonable, not exceeding the use of one moiety of his real estate, during the life of the wife, and the principal of one-half of his personal estate, having regard to the personal property which came to the husband by the marriage, and his ability. The only provision for the wife by this statute, it will be observed, is by way of alimony, to be allowed by the court. It contains no provision for dower. In the absence of such a provision a woman cannot have dower if she has been divorced, since she is not thereafter the wife of the man, and to have dower she must have been his wife at the time of his death. 2 Bish. Mar. & Div. § 1633. As, then, the marriage relation between the complainant and Ide was terminated by the divorce, and as the statute then in force gave no right to dower, the complainant is not entitled to dower in the real estate held by Ide at the time of his death. The bill must therefore be dismissed.

*E. W. Blodgett*, for complainant.
*Bassett & Mitchell*, for respondent.